**In re EMPRESAS OMAJEDE, INC., Debtor.**

**Antonio BETANCOURT, Delfina Betancourt, and Olga Capo–Roman, Movants–Appellants,**

v.

**A.J. BENNAZAR–ZEQUEIRA; Antonio I. Hernandez–Rodriguez; William M. Vidal–Carvajal; Ismael R. Colon–Perez; La Electronica, Inc.; Carlos R. Rios–Gautier; Juan C. Pou, and Maria Luisa Betancourt, Respondents–Appellees.**

Civ. No. 98–1374(JAF).
Bankruptcy No. 90–03612 ESL.

United States District Court,
D. Puerto Rico.

Dec. 22, 1998.

Charles A. Cuprill–Hernandez, Ponce, PR, Antonio Betancourt–Capo, New York City, for Empresas Omajede, Inc.

Jose R. Garcia–Perez, A.J. Bennazar Zequeira Law Offices, Hato Rey, PR, for A.J. Bennazar–Zequeira.

Michael Trias–Fraticelli, Hato Rey, PR, for La Electronica, Inc.

William M. Vidal–Carvajal, San Juan, PR, Pro se.

Antonio I. Hernandez–Rodriguez, Hernandez & Vidal, San Juan, PR, Pro se.

Ismael R. Colon–Perez, Hernandez & Vidal, San Juan, PR, Pro se.

Carlos R. Rios–Gautier, Hato Rey, PR, Pro se.

Juan C. Pou–Martinez, Latimer, Biaggi, Rachid & Godreau, San Juan, PR, Pro se.

## OPINION AND ORDER

FUSTE, District Judge.

This is an appeal from the January 26, 1998 order of the United States Bankruptcy Court for the District of Puerto Rico ("Bankruptcy Court") denying the motion of Olga Capó–Román, Delfina Betancourt–Capó, and Antonio Betancourt–Capó, as equity security holders of Empresas Omajede, Inc. ("Omajede") (hereinafter "Appellants") for the imposition of sanctions pursuant to Fed. R.Civ.P. 11 against attorneys A.J. Bennazar–Zequeira; Antonio I. Hernández–Rodríguez; William M. Vidal–Carvajal; Ismael R. Colón–Pérez; Carlos R. Ríos–Gautier; and Juan Carlos Pou; and La Electrónica, Inc. (all of these parties jointly, "Appellees"). This court has jurisdiction to hear the present appeal under 28 U.S.C. § 158(a) (1994).

Sitting as an appellate court reviewing decisions of a bankruptcy court, we review the bankruptcy court's factual findings under a clear error standard, and its conclusions of law under a *de novo* standard. *In re G.S.F. Corp.*, 938 F.2d 1467, 1474 (1st Cir.1991); *Matter of Torres Lopez*, 138 B.R. 348, 349 (D.P.R.1992).

### I.

On January 31, 1997, this court issued an opinion and order directing the Bankruptcy Court to make further findings addressing the reasons underlying its margin order denying Appellant's request for the entry of sanctions against several attorneys. In that opinion and order, we indicated that while the Bankruptcy Court is free to reaffirm its original margin order, it must make findings of fact and explain its denial of the imposition of sanctions. The Bankruptcy Court subsequently reaffirmed its margin order and expounded its reasons for its denial of the imposition ·of sanctions in its February 5, 1998 opinion. It is that February 5, 1998 opinion of the Bankruptcy Court which we now review on appeal.

As to attorney Bennazar–Zequeira, the Bankruptcy Court stated in its February 5, 1998 order that the record clearly reflects that he has not engaged in any conduct warranting the imposition of sanctions pursuant to Fed.R.Civ.P. 11 as his involvement in the case was limited, and his motion to dismiss was not frivolous, lacking in factual or legal basis, or part of a pattern of abusive litigation tactics. Appellants had argued to the Bankruptcy Court that Bennazar–Zequeira's motion to dismiss had no reasonable basis in law or fact, and that his failure either to reply to Omajede's opposition or withdraw his motion to dismiss was a violation of Rule 11. The Bankruptcy Court articulated the reasons behind its disagreement with Appellants:

> While this court ultimately agreed with Omajede's legal reasoning and sustained some of their arguments with regard to the motion to dismiss, it also agreed with Bennazar's position regarding the disqualification of Omajede's counsel for having a conflict of interest. The fact that Omajede prevailed does not mean that Bennazar's setting forth of his client's position constitutes sanctionable conduct ·under Rule 11.

*In Re: Empresas Omajede, Inc.*, B90–3612 at 7 (Feb. 5, 1998 Bankr.D.P.R.).

Similarly, the Bankruptcy Court found that attorney Vidal–Carvajal's first and second motion to dismiss merely articulated the position of his client, were not unreasonable, and did not demonstrate a lack of good faith.

As to attorney Ríos–Gautier, the Bankruptcy Court held that his "Motion to Dismiss for Lack of Proper Authority and Disqualification of Attorney for Debtor" was not problematic. Appellants argued that Ríos–Gautier was "bold" in requesting the disqualification of Omajede's counsel, and that Ríos–Gautier himself had a conflict of interest in representing his client. The Bankruptcy Court stated that it "fails to see how one affects the other, not to mention why it would constitute a violation of Rule 11." *Id.* at 8. The Bankruptcy Court also stated that it was not a violation of Rule 11 when Ríos–Gautier continued to argue the right to a jury trial after the Bankruptcy Court had already granted Omajede's motion to strike the jury demand.

As to attorney Pou, Appellants argued that his requests for an appointment of trustee and a stay of the proceedings violated Rule

11 because they contained baseless and false allegations and were used to relitigate the issues of conflict of interest and disqualifications.

As to attorneys Hernández–Rodríguez and Colón–Pérez, Appellants argued that their complaint, which commenced adversary proceeding No. 92–0098, made a frivolous argument that La Electrónica was the owner of the La Electrónica building, and that the claim should be judicially and equitably estopped.

Finally, Appellants argued that La Electrónica, Inc. should be sanctioned for financing and benefitting from this "frivolous" litigation.

The Bankruptcy Court concluded that none of these examples warranted the imposition of sanctions under Rule 11, and that the attorneys' conduct was reasonable under the circumstances of the case at bar.

The Bankruptcy Court furthermore explained:

> This court's denial of the motion was based in part upon a finding that the conduct complained of did not constitute a violation of Fed.R.Civ.P. 11. However, and perhaps more importantly, it reflected this court's impression that the litigation tactics objected to are not unknown to the debtor corporation and the various attorneys who have represented it. In so stating, the court does not mean to impugn any of the respected professionals who have been involved in this case and related matters; rather, it is a reflection upon the parties themselves, who have allowed and encouraged what began as a domestic matter between Don Reinaldo Betancourt Viera and Doña Olga Capó Román to balloon into an all-out war which has lasted nearly nine years, encompassed (to date) five bankruptcy proceedings and thirteen· adversary proceedings, and cost hundreds of thousands of dollars in attorney's fees and untold hours of the bankruptcy and district courts spent resolving these matters, only to have the parties renew their arguments in a different manner, in a different proceeding, or in a different forum.

*Id.* at 9.

## II.

Our January 31, 1997 order did not object to the Bankruptcy Court's actual denial of the imposition of sanctions, but to its lack of articulated factual findings and analysis. As we stated in our January 31, 1997 order, it is the Bankruptcy Court that is most "steeped in the facts and sensitive to the interplay amongst the protagonists." On appeal, it is crucial that we give

> [d]ue deference to the trial court's opportunity to observe, firsthand, witness demeanor and credibility, and credibility findings cannot be disregarded in the absence of facts which would compel contrary inferences. Simply put, the trial court is in a much better position to determine credibility.

*In re Southold Development Corp.,* 173 B.R. 63, 73 (Bankr.E.D.N.Y.1994) (citations omitted). We note the unique position of the Bankruptcy Court to evaluate first hand the conduct of the attorneys. The Bankruptcy Court has stated that the attorneys have acted professionally, and that this litigation has dragged on as a result of the parties' persistence. As the Bankruptcy Court has been dealing with these attorneys personally for a number of years in this lengthy and complex litigation and is, therefore, in a superior position to evaluate the good faith of those attorneys, we will defer to its decision to deny the imposition of sanctions.

## III.

Having examined the parties' briefs and the record before us, we find no error in the Bankruptcy Court's February 5, 1998 opinion and order and, accordingly, **AFFIRM** the decision.

**IT IS SO ORDERED.**